(C.D. 3364)

DUNBAR CUSTOMS SERVICES, a/c DR. J. L. OHMAN *v.* UNITED STATES

United States Customs Court, Third Division

(Decided March 18, 1968)

*Stein & Shostak* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before RICHARDSON and LANDIS, Judges

RICHARDSON, Judge: The protest herein was submitted to the court for decision upon a stipulation which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as follows:

1. That the merchandise covered by the entries and protests enumerated in Schedule A annexed hereto and made a part hereof, and assessed with duty at 10% ad valorem under Item 184.75 of the Tariff Schedules of the United States, consists of ground kelp (seaweed).

2. That said protests are abandoned as to all other merchandise.

3. That the merchandise covered by the entries enumerated in Schedule A annexed hereto was entered or withdrawn from ware-

house after August 31, 1963, the effective date of the Tariff Schedules of the United States, and before December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241.

4. That said protests were filed on all of the entries enumerated in said Schedule A, under Section 514 of the Tariff Act of 1930, within 60 days after the dates of liquidation thereof, and that said protests were pending for decision by this Court on October 7, 1965, the date of the enactment and/or on December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, 89th Congress.

5. That within 120 days after the date of enactment of said Public Law 89–241, or within the 120-day period provided by Public Law 90–36, a request was filed with the Collector of Customs at the port of entry, for liquidation or reliquidation of each of the entries enumerated in Schedule A and for classification of said merchandise free of duty under Item 192.05 of the Tariff Schedules of the United States as amended by Section 8 of said Public Law 89–241.

6. That the protests enumerated in the annexed Schedule of Cases may be submitted on this stipulation, the same being limited to the merchandise as aforesaid.

Accepting this stipulation as evidence of the facts, and upon the authority of the statutes therein cited, we hold that the merchandise the subject of the protest herein is free of duty under the provisions of item 192.05 of the Tariff Schedules of the United States as amended by section 8 of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241 by operation of law, and to this extent the protest herein is sustained. As to all other merchandise and claims the protest is overruled.

Judgment will be entered accordingly.